UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUIS D. LEWIS,

        Plaintiff,

v.                                               Case No. 21-cv-0474-bhl

K. CABLE,
C. GNODTKE,
DEPUTY BUASH,
JOHN DOE, and
OZAUKEE COUNTY JAIL MEDICAL STAFF,

        Defendants.

## SCREENING ORDER

        Plaintiff Marquis Lewis, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Ozaukee County Jail. On June 23, 2021, the Court screened his complaint and allowed him the opportunity to file an amended complaint, which he did on July 16, 2021. This matter is before the Court on Lewis' motion for sanctions and for screening of the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

        As previously explained to Lewis, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To

state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Lewis, who has diabetes and asthma, asserts that, on January 16, 2021, he submitted a grievance complaining that the doctor had changed the dosage and administration times for his medication without consulting him. Lewis asserts that as a result of these changes he went into diabetic shock and got really sick. Lewis contends he submitted grievances about the issue. In response, Defendant K. Cable told him she did know what he was talking about and Defendant C. Gnodtke informed him there was a new doctor. Lewis asserts that he was not seen by a doctor for the six months he was at the jail. Lewis also asserts that he was twice charged for expired asthma medication. He allegedly suffered numerous asthma attacks because of the expired medication. According to Lewis, the issues were never fixed. Finally, Lewis asserts that Defendant Buash ordered him to stop filing repetitive grievances because the issues had been handled.

## THE COURT'S ANALYSIS

According to the Wisconsin Circuit Court Access website, it appears that Lewis was a convicted prisoner at the relevant time, so claims related to his medical care arise under the Eighth Amendment. *See* wcca.wicourts.gov (Ozaukee County Case No. 2020CF320). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment. It asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). Applying this standard, the Court will allow Lewis to proceed on a deliberate indifference claim against the John Doe doctor who allegedly changed his diabetes medication without evaluating or consulting him, resulting in Lewis getting sick and going into diabetic shock. The Court will also allow him to proceed on a deliberate

indifference claim against Cable and Gnodtke based on his allegations that they failed to address his complaints that he had been given expired asthma medication, which allegedly resulted in him having numerous asthma attacks.

Because Lewis does not know the name of the doctor, he will have to use discovery to learn the doctor's name. Lewis may not serve discovery requests until *after* the named defendants respond to his amended complaint and *after* the Court enters a scheduling order setting discovery and dispositive motion deadlines.

The Court will not, however, allow Lewis to proceed on a due process claim based on his allegations that he was twice charged for the expired medication. First, it is not clear from Lewis' allegations who charged his account for the medication or whether the person who charged his account knew that Lewis would be provided with expired medication. Liability under §1983 requires finding a specific person responsible for the alleged violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Further, even if Lewis had cleared these hurdles, he would fail to state a claim. "A procedural due process violation occurs when (1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process law." *Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011). Lewis asserts that his money was taken for medication he could not use. The Court cannot reasonably infer that Jail policy permits officials to charge inmates for unusable medication. Thus, any official who improperly charged Lewis would be acting contrary to law. When a state official's conduct is contrary to state law, it is considered "random and unauthorized," and "due process requires only that an adequate post-deprivation remedy exist." *Kimmons v. Waupun Property Staff*, 1 F. App'x 496, 598 (7th Cir. 2001). The State of Wisconsin offers post-deprivation remedies, and the Seventh Circuit has repeatedly "held that Wisconsin's post-deprivation procedures are adequate."

*Id.* (citations omitted). In other words, due process is satisfied because adequate post-deprivation procedures exist. If Lewis wants to pursue this claim, he must do so via remedies offered in state court.

Lewis also fails to state a claim against Buash based on his allegations that he ordered Lewis to stop filing repetitive grievances. Lewis asserts that he was able to file multiple grievances about his medical issues, so the Court cannot reasonably infer that he suffered an injury as a result of being ordered not to file additional grievances about the same issues. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (explaining that a plaintiff who sues for damages under §1983 must develop "evidence of a recoverable injury"). Lewis also fails to state a claim against the Ozaukee County Jail medical staff. Under §1983, only those who cause or participate in an alleged violation are liable. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The medical staff as a whole is not liable for the misconduct of individual staff members.

Finally, on July 6, 2021, Lewis filed a motion for sanctions. He asserts that his institution deducted more than it should have from his prisoner account as payment toward the filing fee in this case. Lewis' institution is not a defendant in this case, so the Court has no authority to sanction it. Further, the Court reminds Lewis that "[F]ederal courts sit not to supervise prisons but to enforce the constitutional rights of all 'persons,' including prisoners." *Cruz v. Beto*, 405 U.S. 319, 321 (1972). As such, the Court rarely interferes with the day-to-day administration of prison affairs. Lewis should take advantage of the procedures available at his institution to raise his concerns to the attention of the appropriate prison officials

**IT IS THEREFORE ORDERED** that Lewis' motion for sanctions (Dkt. No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** Lewis' claims against Deputy Buash and the Ozaukee County Jail Medical Staff are **DISMISSED** based on Lewis' failure to state a claim.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint (Dkt. No. 17) and this order upon K. Cable and C. Gnodtke pursuant to Federal Rule of Civil Procedure 4. Lewis is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Cable and Gnodtke shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 6th day of August, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge